Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Odyssey Courts-Case Search    Help

# CHRONOLOGICAL CASE SUMMARY
## CASE NO. 49D12-1506-PL-018851

| | |
|---|---|
| STACEY VANWINKLE,DEREK VANWINKLE vs. SEANNA NICHOLS,MONIQUE MILLER,PEGGY SURBEYet al | § § § § § |

Case Type: **PL - Civil Plenary**
Date Filed: **06/08/2015**
Location: **Marion Superior Court, Civil Division 12**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | DEMETRIS, CORTNEY, M.D. | **Laura Kay Binford**
*Retained*
Attn: Riley Bennett & Egloff LLP
141 E Washington ST
FL 4
Indianapolis, IN 46204

317-636-8000(W) |
| **Defendant** | MCGENEY, MARI BRYAN | **April A Wilson**
*Retained*
Office of the Attorney General
302 W Washington St, 5th floor
Indiana Government Center South
Indianapolis, IN 46204

317-234-2415(W) |
| **Defendant** | MILLER, MONIQUE | **April A Wilson**
*Retained*
Office of the Attorney General
302 W Washington St, 5th floor
Indiana Government Center South
Indianapolis, IN 46204

317-234-2415(W) |
| **Defendant** | NICHOLS, SEANNA | **April A Wilson**
*Retained*
Office of the Attorney General
302 W Washington St, 5th floor
Indiana Government Center South
Indianapolis, IN 46204

317-234-2415(W) |
| **Defendant** | SURBEY, PEGGY | **April A Wilson**
*Retained*
Office of the Attorney General
302 W Washington St, 5th floor
Indiana Government Center South
Indianapolis, IN 46204

317-234-2415(W) |
| **Plaintiff** | VANWINKLE, DEREK | **Ronald J. Waicukauski**
*Retained*
301 Massachusetts Avenue
Indianapolis, IN 46204-2167

317-633-8787(W)

**James A. Piatt**
*Retained* |

Price Waicukauski & Riley, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204

317-633-8787(W)

**Plaintiff**      **VANWINKLE, STACEY**

**Ronald J. Waicukauski**
 *Retained*
301 Massachusetts Avenue
Indianapolis, IN 46204-2167

317-633-8787(W)

James A. Piatt
 *Retained*
Price Waicukauski & Riley, LLC
301 Massachusetts Ave.
Indianapolis, IN 46204

317-633-8787(W)

---

| EVENTS & ORDERS OF THE COURT |
|---|

| | |
|---|---|
| 06/08/2015 | **Case Opened as a New Filing** |
| 06/09/2015 | **Appearance Filed** |
| | For Party:   VANWINKLE, DEREK |
| | For Party:   VANWINKLE, STACEY |
| | Attorney:    Waicukauski, Ronald J. |
| | File Stamp:  06/08/2015 |
| 06/11/2015 | **Notice of Hearing Issued** (Judicial Officer: Chavis, John M.T., II ) |
| | *case management conf* |
| | Date Signed:  06/11/2015 |
| 06/11/2015 | **Hearing Scheduling Activity** |
| | *Pretrial Conference scheduled for 09/15/2015 at 9:30 AM.* |
| 06/12/2015 | **Notice Issued to Parties** |
| | Sent To:  Waicukauski, Ronald J. |
| 06/12/2015 | **ENotice Issued to Parties** |
| | Sent To:  Piatt, James A. |
| 07/06/2015 | **Certified Mail Returned** |
| | *summons served at 2001 W 86th St, Indy 46260.* |
| | Party Served:  DEMETRIS, CORTNEY, M.D. |
| | Date Signed:  06/12/2015 |
| 07/06/2015 | **Certified Mail Returned** |
| | *summons served at 4150 N Keystone Ave, Indy 46205.* |
| | Party Served:  MCGENEY, MARI BRYAN |
| | Party Served:  MILLER, MONIQUE |
| | Party Served:  NICHOLS, SEANNA |
| | Party Served:  SURBEY, PEGGY |
| | Date Signed:  06/11/2015 |
| 07/07/2015 | **Appearance Filed** |
| | For Party:   DEMETRIS, CORTNEY, M.D. |
| | Attorney:    Binford, Laura Kay |
| | File Stamp:  07/07/2015 |
| 07/07/2015 | **Jury Trial Demand Filed** |
| | Filed By:     Binford, Laura Kay |
| | Filed By:     DEMETRIS, CORTNEY, M.D. |
| | File Stamp:  07/07/2015 |
| 07/07/2015 | **Motion for Enlargement of Time Filed** |
| | Filed By:     Binford, Laura Kay |
| | Filed By:     DEMETRIS, CORTNEY, M.D. |
| | File Stamp:  07/07/2015 |
| 07/09/2015 | **Appearance Filed** |
| | *Filed pursuant to trial rule 5F* |
| | For Party:   MCGENEY, MARI BRYAN |
| | For Party:   MILLER, MONIQUE |
| | For Party:   NICHOLS, SEANNA |
| | For Party:   SURBEY, PEGGY |
| | Attorney:    Wilson, April A |
| | File Stamp:  07/06/2015 |
| 07/09/2015 | **Notice Filed** |
| | *Initial Motion for enlargment of time up to and including 8/5/2015; filed pursuant to trial rule 5F* |
| | Filed By:     MCGENEY, MARI BRYAN |
| | Filed By:     MILLER, MONIQUE |
| | Filed By:     NICHOLS, SEANNA |
| | Filed By:     SURBEY, PEGGY |
| | Filed By:     Wilson, April A |

| | File Stamp: 07/06/2015 |
|---|---|
| 07/09/2015 | **Order Granting Motion for Enlargement of Time** (Judicial Officer: Chavis, John M.T., II ) |
| | *Up to and including 08/06/15. Notice to parties via mail.* |
| | Order Signed: 07/09/2015 |
| 09/15/2015 | **Pretrial Conference** (9:30 AM) (Judicial Officer Chavis, John M.T., II) |
| | *case management conference* |

**Please note that any Balance Due does not reflect interest that has accrued since the last payment.**

STATE OF INDIANA  ) IN THE SUPERIOR COURT OF MARION COUNTY
        ) SS:
COUNTY OF MARION  ) CAUSE NO. 49D12-1506-PL-018851

STACEY VANWINKLE and DEREK )
VANWINKLE, individually and on behalf )
of MV and AV, their minor children, )
         )
   Plaintiffs,    )
         )
  vs.       )
         )
SEANNA NICHOLS, MONIQUE  )
MILLER, PEGGY SURBEY,   )
MARI BRYAN MCGENEY, and  )
CORTNEY DEMETRIS, M.D.,  )
         )
   Defendants.   )

**FILED**

JUL 0 9 2015  (129)

*Myla A. Eldridge*
CLERK

## ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Defendant, Cortney Demetris, M.D., by counsel, having moved the Court for an enlargement of time of thirty (30) days, through and including the 6th day of August, 2015, within which to respond to Plaintiffs' Complaint, and the Court having examined said Motion and being duly advised in the premises now finds that said Motion is meritorious and should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant, Cortney Demetris, M.D., has through and including August 6, 2015, within which to respond to Plaintiffs' Complaint.

Dated: _July 9, 2015_      _____
            Judge, Marion Superior Court No. 12

{00988589- }

Copies to:

Laura K. Binford, Riley Bennett & Egloff, LLP, Fourth Floor, 141 East Washington Street, Indianapolis, IN  46204

Ronald J. Waicukauski, James A. Piatt, Price Waicukauski & Riley, LLC, The Hammond Block Building, 301 Massachusetts Avenue, Indianapolis, IN  46204

LKB/7223.302/LKN

| | |
|---|---|
| **STATE OF INDIANA** ) | **IN THE MARION SUPERIOR COURT** |
| ) SS: | |
| **COUNTY OF MARION** ) | **CAUSE NO. 49D12-1506-PL-018851** |

**STACY VANWINKLE and** )
**DEREK VANWINKLE,** )
**Individually and on behalf of** )
**MV and AV, minor children** )
)
     **Plaintiffs,** )
)
     **v.** )
)
**SEANNA NICHOLS,** )
**MONIQUE MILLER,** )
**PEGGY SURBEY,** )
**MARI BRYAN MCGENEY, and** )
**CORTNEY DEMETRIS, M.D.** )
)
     **Defendants.** )

## INITIAL MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO PLAINTIFFS' COMPLAINT

Defendants Seanna Nichols, Monique Miller, Peggy Surbey, and Maribryan McGeney (collectively "State Defendants") by counsel, April A. Wilson, Deputy Attorney General, respectfully move for an enlargement of time, to and including August 5, 2015, to respond to Plaintiffs' Complaint and, in support, state the following:

1. State Defendants were served with Plaintiffs' Complaint on June 11, 2015.

2. Accordingly, State Defendants' response to Plaintiffs' Complaint is due July 6, 2015, which has not yet passed.

3. Pursuant to Marion County LR48-TR06-203(D), State Defendants are moving for an automatic initial thirty (30) day enlargement of time.

4. A thirty (30) enlargement of time will make State Defendants' response due August 5, 2015.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Attorney No. 1958-98

By:        *April Wilson*
           April A. Wilson
           Deputy Attorney General
           Attorney No. 31135-49

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been duly served upon the following

listed below, by United States mail, first-class postage prepaid, on July 6, 2015:

Ronald J Waicukauski
James A. Piatt
PRICE, WAICUKAUSKI, & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

Dr. Courtney Demetris
2001 W. 86th Street
Indianapolis, IN 46260

           *April Wilson*
           April A. Wilson
           Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-2415
Facsimile: (317) 232-7979
E-mail: April.Wilson@atg.in.gov

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D12-1506-PL-018851 |

|  |  |
|---|---|
| STACY VANWINKLE and | ) |
| DEREK VANWINKLE, | ) |
| Individually and on behalf of | ) |
| MV and AV, minor children | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| SEANNA NICHOLS, | ) |
| MONIQUE MILLER, | ) |
| PEGGY SURBEY, | ) |
| MARI BRYAN MCGENEY, and | ) |
| CORTNEY DEMETRIS, M.D. | ) |
| | ) |
| **Defendants.** | ) |

## <u>APPEARANCE BY ATTORNEY</u>

1.  The party on whose behalf this form is being filed is:

    Initiating _____      Responding __X__      Intervening _____; and

    the undersigned attorney and all attorneys listed on this form now appear in this case for the
    following parties:

    **Seanna Nichols, Monique Miller, Peggy Surbey, and Maribryan McGeney**

    Name, address, and telephone number of party *(see Question #6 below if this case involves a
    protection from abuse order, a workplace violence restraining order, or a no-contact order)*:

    Name: Seanna Nichols
    Address: c/o April A. Wilson
    Deputy Attorney General
    Indiana Attorney General's Office
    302 W. Washington Street,
    Indiana Government Center South, 5th Fl.
    Indianapolis, IN 46204
    Telephone: (317) 234-2415

Name: Monique Miller
Address: c/o April A. Wilson
         Deputy Attorney General
         Indiana Attorney General's Office
         302 W. Washington Street,
         Indiana Government Center South, 5th Fl.
         Indianapolis, IN 46204
Telephone: (317) 234-2415

Name: Peggy Surbey
Address: 4150 N. Keystone Ave.
         Indianapolis, IN 46205
Telephone: (317) 398-4348

Name: Maribryan McGeney
Address: 4150 N. Keystone Ave.
         Indianapolis, IN 46205
Telephone: (317) 968-4355

2. Attorney information for service as required by Trial Rule 5(B)(2):

Name: April A. Wilson                     Attorney No. 31135-49
Address: OFFICE OF THE INDIANA ATTORNEY GENERAL
         Indiana Government Center South, 5th Floor
         302 West Washington Street
         Indianapolis, IN 46204-2770
Telephone: (317) 234-2415
Fax: (317) 232-7979
E-Mail: April.Wilson@atg.in.gov

3. This is a PL Case Type under Administrative Rule 8(B)(3). (already assigned).

4. I will accept service by fax at the above noted number: Yes _____ No __X__

5. This case involves support issues: Yes _____ No __X__ *(If Yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order: Yes _____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service, but that address should not be the one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:
_____ Attorney address.
_____ Attorney General Confidentiality Program address. *(Obtain by calling (800) 321-1907, or by e-mailing confidential@atg.state.in.us.)*
_____ Other address provided.

7. This case involves a petition for involuntary commitment: Yes _____   No __X__

8. If answered Yes above, provide the following regarding the individual subject to petition for involuntary commitment:

   a. Name of individual subject to petition for involuntary commitment, if it is not already provided in #1 above:

   b. State of residence of person subject to petition:

   c. At least one of the following pieces of identifying information:

      (i)   Date of Birth:
      (ii)  Driver's License No.:
           State in which License Issued:                  Expiration Date:
      (iii) State ID No.:
           State in which ID Issued:                       Expiration Date:
      (iv)  FBI No.:
      (v)   Indiana Department of Corrections No.:
      (vi)  Social Security Number is available and is being provided in an attached confidential document.      Yes _____   No _____

9. There are related cases: Yes _____   No __X__   *(If Yes, list on continuation page.)*

10. Additional information required by Local Rule: _____ N/A _____

11. There are other party members: Yes __X__   No ____   *(If Yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes __X__   No _____


                         Respectfully submitted,

                         GREGORY F. ZOELLER
                         Attorney General of Indiana
                         Attorney No. 1958-98

By:    *April Wilson*
                         April A. Wilson
                         Deputy Attorney General
                         Attorney No. 31135-49

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing, *Appearance by Attorney*, has been duly

served upon parties of record listed below, by United States mail, first-class postage prepaid, on

July 6, 2015.

Ronald J Waicukauski
James A. Piatt
PRICE, WAICUKAUSKI, & RILEY, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

Dr. Courtney Demetris
2001 W. 86th Street
Indianapolis, IN 46260

April A. Wilson
Deputy Attorney General
Atty. No. 31135-49

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone:     (317) 234-2415
Facsimile:     (317) 232-7979
E-mail: April.Wilson@atg.in.gov

4

STATE OF INDIANA      )     IN THE SUPERIOR COURT OF MARION COUNTY
                          ) SS:
COUNTY OF MARION    )     CAUSE NO. 49D12-1506-PL-018851

|  |  |  |
|---|---|---|
| STACEY VANWINKLE and DEREK VANWINKLE, individually and on behalf of MV and AV, their minor children, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **FILED** |
| SEANNA NICHOLS, MONIQUE MILLER, PEGGY SURBEY, MARI BRYAN MCGENEY, and CORTNEY DEMETRIS, M.D., | ) ) ) ) ) | (271)  JUL 07 2015<br><br>*Myla A. Eldridge*<br>CLERK OF THE MARION CIRCUIT COURT |
| Defendants. | ) ) | |

## MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO PLAINTIFFS' COMPLAINT

    Comes now Defendant, Cortney Demetris, M.D., by counsel, pursuant to Rule 6(B) of the Indiana Rules of Trial Procedure, and moves the Court for an enlargement of time of thirty (30) days, through and including the 6th day of August, 2015, within which to respond to Plaintiffs' Complaint Damages and, in support of said Motion, shows the Court the following:

    1.     Plaintiffs filed their Complaint on June 8, 2015.

    2.     On July 6, 2015, the Court Docket (attached hereto) reflected for the first time that Defendant, Cortney Demetris, M.D., was served with a copy of Plaintiffs' Complaint and Summons on June 12, 2015 at St. Vincent Indianapolis Hospital located at 2001 West 86th Street, Indianapolis, Indiana 46260.  While Dr. Demetris is an employee of St. Vincent Indianapolis Hospital, she did not personally sign for, receive or otherwise authorize any individual at St. Vincent Indianapolis Hospital to accept service on her behalf.  Additionally,

{00988589- }

until the July 6, 2015 Court Docket entry was posted, neither Dr. Demetris nor the undersigned counsel knew that a Summons and Complaint was served on her at the St. Vincent Indianapolis Hospital address.

3.     Fairness dictates that Dr. Demetris be afforded an opportunity to consider and respond to the Complaint filed against her.  Moreover, Dr. Demetris has a good faith defense to all claims asserted agasint her.

4.     This is Defendant's initial written motion for enlargement of time to respond to Plaintiffs' Complaint.

WHEREFORE, Defendant, Cortney Demetris, M.D., prays for an enlargement of time, through and including August 6, 2015, within which to respond to Plaintiffs' Complaint.

RILEY BENNETT & EGLOFF, LLP

Laura K. Binford
No. 15280-49A
Attorneys for Defendant,
Cortney Demetris, M.D.

RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Fax)

{00988589- }

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Motion for Enlargement of Time to Respond to Plaintiffs' Complaint* has been served on this 7th day of July, 2015, via First Class United States Mail, postage prepaid, upon:

> Ronald J. Waicukauski
> James A. Piatt
> Price Waicukauski & Riley, LLC
> The Hammond Block Building
> 301 Massachusetts Avenue
> Indianapolis, IN  46204

Laura K. Binford

LKB/7223.302/LKN

{00988589- }

3

STATE OF INDIANA )        IN THE SUPERIOR COURT OF MARION COUNTY
                 ) SS:
COUNTY OF MARION )        CAUSE NO. 49D12-1506-PL-018851

STACEY VANWINKLE and DEREK )
VANWINKLE, individually and on behalf )
of MV and AV, their minor children, )
                                    )
              Plaintiffs,           )
                                    )
        vs.                         )
                                    )
SEANNA NICHOLS, MONIQUE )
MILLER, PEGGY SURBEY, )
MARI BRYAN MCGENEY, and )
CORTNEY DEMETRIS, M.D., )
                                    )
              Defendants.           )

**FILED**

(271)   JUL 07 2015

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## REQUEST FOR TRIAL BY JURY

Comes now Defendant, Cortney Demetris, M.D., by counsel, pursuant to Rule 38 of the

Indiana Rules of Trial Procedure, and respectfully requests this matter be tried by jury.

RILEY BENNETT & EGLOFF, LLP

Laura K. Binford
No. 15280-49A
Attorneys for Defendant,
Cortney Demetris, M.D.

RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Fax)

JUL 0 6 2015

{00988589- }

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Request for Trial by Jury* has been served on this 7th day of July, 2015, via First Class United States Mail, postage prepaid, upon:

Ronald J. Waicukauski
James A. Piatt
Price Waicukauski & Riley, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204

Laura K. Binford

LKB/7223.302/LKN

{00988589- }

2

STATE OF INDIANA ) IN THE SUPERIOR COURT OF MARION COUNTY
) SS:
COUNTY OF MARION ) CAUSE NO. 49D12-1506-PL-018851

STACEY VANWINKLE and DEREK )
VANWINKLE, individually and on behalf )
of MV and AV, their minor children, )
)
Plaintiffs, )
)
vs. )
)
SEANNA NICHOLS, MONIQUE )
MILLER, PEGGY SURBEY, )
MARI BRYAN MCGENEY, and )
CORTNEY DEMETRIS, M.D., )
)
Defendants. )

**F I L E D**

(271)   JUL 07 2015

*Myla a. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:

_____Initiating      __X__Responding      _____Intervening

1.   The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Cortney Demetris, M.D.

2.   Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Laura K. Binford                Attorney No.: 15280-49A
Riley Bennett & Egloff, LLP      Phone:     317-636-8000
Fourth Floor                    FAX:       317-636-8027
141 East Washington Street      E-mail:  lbinford@rbelaw.com
Indianapolis, IN  46204

3.   If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Supreme Court Administrative Rule 8(B)(3): N/A

4.   I will not accept service by FAX at the above noted number.

5.   This case involves support issues: Yes ___   No _X_

JUL 0 6 2015

{00988589- }

6.    There are related cases:  Yes ____  No _X_ (If yes, list on continuation page)

7.    This form has been served on all other parties.

8.    Additional information required by local rule:  None

RILEY BENNETT & EGLOFF, LLP

Laura K. Binford
No. 15280-49A
Attorneys for Defendant,
Cortney Demetris, M.D.

RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Appearance by Attorney in Civil Case* has been served on this 7th day of July, 2015, via First Class United States Mail, postage prepaid, upon:

Ronald J. Waicukauski
James A. Piatt
Price Waicukauski & Riley, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204

Laura K. Binford

LKB/7223.302/LKN

{00988589- }                                       2



USPS FIRST-CLASS ™ PKG

US POSTAGE PAID
Pitney Bowes
ComBasPrice

06/09/2015
From 46204
0 lbs 3 ozs

024P0077T6516

Marion County Clerk's Office
200 E Washington Street W-122
INDIANAPOLIS IN 46204

C090

0000

CORTNEY DEMETRIS, M.D.
Peyton Manning Children's Hosp
2001 W 86th St
Indianapolis IN 46260-1902

USPS SIGNATURE TRACKING #

9402 1096 9993 8523 3151 87

✂ Cut on dotted line

**UNITED STATES**
**POSTAL SERVICE**

Date: June 24, 2015

Mcco Mcco:

The following is in response to your June 24, 2015 request for delivery information on your Signature Confirmation™ item number 9402109699938523315187.  The delivery record shows that this item was delivered on June 12, 2015 at 8:04 am in INDIANAPOLIS, IN  46260 to D EVANS. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

9402109699938523315187
49D121506PL018851
CORTNEY DEMETRIS, M.D.
INDPLS IN 46260

# SUMMONS

STACEY VANWINKLE and
DEREK VANWINKLE, individually
and on behalf of MV and AV,
their minor children,

In the Marion County Superior Court

Cause No. _____ 15 06 PL 0 18 8 5 1

D/2

Plaintiff

-vs-

SEANNA NICHOLS, MONIQUE MILLER,
PEGGY SURBEY, MARI BRYAN MCGENEY, and
CORTNEY DEMETRIS, M.D.,

Defendants.

TO DEFENDANT:    Cortney Demetris, M.D.
c/o Peyton Manning Children's Hospital
2001 W. 86th Street
Indianapolis, IN 46260

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

Dated: _____          _____ (Seal)

JUN 0 8 2015

Clerk, Marion County Superior Court

**(The following manner of service of summons is hereby designated.)**

|   X   | Registered or certified mail. |
|-------|-------------------------------|
| _____ | Service at place of employment, to-wit: |
| _____ | Service on individual - (Personal or copy) at above address. |
| _____ | Service on agent. (Specify) |
| _____ | Other service. (Specify) |

Ronald J. Waicukauski (#1089-53)
James A. Piatt (#28320-49)
**PRICE WAICUKAUSKI & RILEY, LLC**
301 Massachusetts Avenue
Indianapolis, Indiana 46204
Attorneys for Plaintiff
Telephone: (317) 633-8787
Fax: (317) 633-8797

# SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of _____, 2015.

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant.

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____

and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:

_____

Sheriff's Costs                                    Sheriff

                                                   By: _____
                                                          Deputy

# CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ____ day of _____, 2015, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                        Clerk, Marion County Superior Court

Dated: _____, 2015.       By: _____
                                                          Deputy

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by the defendant on the _____ day of _____, 2015.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2015.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by _____, on behalf of said defendant on the _____ day of _____, 2015.

                                        Clerk, Marion County Superior Court

                                        By: _____
                                                          Deputy



✂ Cut on dotted line

**UNITED STATES**
**POSTAL SERVICE**

Date: June 24, 2015

Mcco Mcco:

The following is in response to your June 24, 2015 request for delivery information on your Signature Confirmation™ item number 9402109699937658545797.  The delivery record shows that this item was delivered on June 11, 2015 at 9:39 am in INDIANAPOLIS, IN  46205 to R GRUMERETZ. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

9402109699937658545797
49D121506PL018851
MARI BRYAN MCGENEY
INDPLS IN 46205

# SUMMONS

STACEY VANWINKLE and
DEREK VANWINKLE, individually
and on behalf of MV and AV,
their minor children,,

In the Marion County Superior Court

Cause No. ___49D12 15-06-PL-018851

                        Plaintiff

        -vs-

SEANNA NICHOLS, MONIQUE MILLER,
PEGGY SURBEY, MARI BRYAN MCGENEY, and
CORTNEY DEMETRIS, M.D.,

                        Defendants.

TO DEFENDANT:     Seanna Nichols
                  c/o Indiana Department of Child Services
                  Marion County Office
                  4150 N. Keystone Avenue
                  Indianapolis, IN 46205-2843

        You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

        The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

        An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

        If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

                                        *Myla A. Eldridge*
                                        CLERK OF THE MARION CIRCUIT COURT

Dated: _____        _____JUN 0 8 2015_____ (Seal)
                                Clerk, Marion County Superior Court

        **(The following manner of service of summons is hereby designated.)**

  __X__         Registered or certified mail.
  _____       Service at place of employment, to-wit:
  _____       Service on individual - (Personal or copy) at above address.
  _____       Service on agent. (Specify)
  _____       Other service. (Specify)

                        Ronald J. Waicukauski (#1089-53)
                        James A. Piatt (#28320-49)
                        PRICE WAICUKAUSKI & RILEY, LLC
                        301 Massachusetts Avenue
                        Indianapolis, Indiana 46204
                        Attorneys for Plaintiff
                        Telephone: (317) 633-8787
                        Fax: (317) 633-8797

# SUMMONS

STACEY VANWINKLE and
DEREK VANWINKLE, individually
and on behalf of MV and AV,
their minor children,,

          Plaintiff

-vs-

SEANNA NICHOLS, MONIQUE MILLER,
PEGGY SURBEY, MARI BRYAN MCGENEY, and
CORTNEY DEMETRIS, M.D.,

          Defendants.

In the Marion County Superior Court

Cause No. _____49D12 15 06 PL 018 851_____

TO DEFENDANT:    Monique Miller
                    c/o Indiana Department of Child Services
                    Marion County Office
                    4150 N. Keystone Avenue
                    Indianapolis, IN 46205-2843

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

                                            _Myla A. Eldridge_
                                     CLERK OF THE MARION CIRCUIT COURT

                                        JUN 0 8 2015

Dated: _____    _____ (Seal)
                                      Clerk, Marion County Superior Court

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| __X__ | Registered or certified mail. |
| _____ | Service at place of employment, to-wit: |
| _____ | Service on individual - (Personal or copy) at above address. |
| _____ | Service on agent. (Specify) |
| _____ | Other service. (Specify) |

                                       Ronald J. Waicukauski (#1089-53)
                                        James A. Piatt (#28320-49)
                                        PRICE WAICUKAUSKI & RILEY, LLC
                                        301 Massachusetts Avenue
                                        Indianapolis, Indiana 46204
                                        Attorneys for Plaintiff
                                        Telephone: (317) 633-8787
                                        Fax: (317) 633-8797

# SUMMONS

STACEY VANWINKLE and
DEREK VANWINKLE, individually
and on behalf of MV and AV,
their minor children,

             Plaintiff

   -vs-

SEANNA NICHOLS, MONIQUE MILLER,
PEGGY SURBEY, MARI BRYAN MCGENEY, and
CORTNEY DEMETRIS, M.D.,

             Defendants.

In the Marion County Superior Court

Cause No. 49D12 15 06 PL 0 1 8 8 5 1

TO DEFENDANT:    Mari Bryan McGeney
                    c/o Indiana Department of Child Services
                    Marion County Office
                    4150 N. Keystone Avenue
                    Indianapolis, IN 46205-2843

     You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

     An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

     If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

                                      *Myla A. Eldridge*
                                    CLERK OF THE MARION CIRCUIT COURT

Dated: _____         JUN 0 8 2015
                  _____ (Seal)
                  Clerk, Marion County Superior Court

**(The following manner of service of summons is hereby designated.)**

  X        Registered or certified mail.
_____   Service at place of employment, to-wit:
_____   Service on individual - (Personal or copy) at above address.
_____   Service on agent. (Specify)
_____   Other service. (Specify)

                    Ronald J. Waicukauski (#1089-53)
                    James A. Piatt (#28320-49)
                    PRICE WAICUKAUSKI & RILEY, LLC
                    301 Massachusetts Avenue
                    Indianapolis, Indiana 46204
                    Attorneys for Plaintiff
                    Telephone: (317) 633-8787
                    Fax: (317) 633-8797

# SUMMONS

STACEY VANWINKLE and
DEREK VANWINKLE, individually
and on behalf of MV and AV,
their minor children,

In the Marion County Superior Court

Cause No. _____ 49D12 15 06 PL 018851

                    Plaintiff

  -vs-

SEANNA NICHOLS, MONIQUE MILLER,
PEGGY SURBEY, MARI BRYAN MCGENEY, and
CORTNEY DEMETRIS, M.D.,

                    Defendants.

TO DEFENDANT:    Peggy Surbey
                 c/o Indiana Department of Child Services
                 Marion County Office
                 4150 N. Keystone Avenue
                 Indianapolis, IN 46205-2843

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court
indicated above.

    The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also
states the relief sought or the demand made against you by the plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your
attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23)
days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief
demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you
must assert it in your written answer.

                                            _Myla A. Eldridge_
                                            CLERK OF THE MARION CIRCUIT COURT

Dated: _____        _____ JUN 0 8 2015 _____  (Seal)
                                            Clerk, Marion County Superior Court

        **(The following manner of service of summons is hereby designated.)**
  __X__          Registered or certified mail.
  _____        Service at place of employment, to-wit:
  _____        Service on individual - (Personal or copy) at above address.
  _____        Service on agent.  (Specify)
  _____        Other service.  (Specify)

                            Ronald J. Waicukauski (#1089-53)
                            James A. Piatt (#28320-49)
                            PRICE WAICUKAUSKI & RILEY, LLC
                            301 Massachusetts Avenue
                            Indianapolis, Indiana 46204
                            Attorneys for Plaintiff
                            Telephone: (317) 633-8787
                            Fax: (317) 633-8797

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM XII |
| COUNTY OF MARION | ) | CAUSE NO. 49D12-1506-PL-018851 |

Stacey Vanwinkle and Derek Vanwinkle,   )
Individually and on behalf of MV and AV,  )
Their minor children,                    )
                                        )
      Plaintiff(s),                  )
                                        )
VS.                                   )
                                        )
Seanna Nichols, Monique Miller, Peggy Surbey,  )
Mari Bryan Mcgeney, and Cortney Demetris, M.D, )
                                        )
      Defendant(s).                )

**FILED**

JUN 1 1 2015   (129)

Myla A. Eldridge
CLERK

## CASE MANAGEMENT CONFERENCE

The Court now sets the above-captioned case for a **CASE MANAGEMENT**

**CONFERENCE ON SEPTEMEBER 15TH, 2015 AT 9:30 A.M.** Parties are instructed to

appear in person and provide the Court with a Proposed Case Management Order in the format

provided by the Court on or before the date of the conference.  Instructions for preparing the

Proposed Case Management Order are attached. If Case Management Order is submitted prior to

hearing date, hearing will be vacated.

      **SO ORDERED this __11th__ day of June, 2015.**

_____
**HONORABLE** ~~John M.T. Chavis~~, **JUDGE**
**Marion County Superior Court**

**DISTRIBUTION:**

Ronald J. Waicukauski
James A. Piatt
Price Waicukauski & Riley, LLC
The Hammond Block Building
301 Massachusetts Ave

Indianapolis, IN 46204

STATE OF INDIANA      )      IN THE MARION SUPERIOR COURT
                      )SS:
COUNTY OF MARION      )      CAUSE NO.: 49D12 15 06 PL 0 1 8 8 5 1

STACEY VANWINKLE and              )
DEREK VANWINKLE, individually     )
and on behalf of MV and AV,       )
their minor children,             )
                                  )
          Plaintiffs,             )
                                  )            FILED
     v.                           )
                                  )       (182)  JUN 08 2015
SEANNA NICHOLS,                   )
MONIQUE MILLER,                   )       Myles A. Eldredge
PEGGY SURBEY,                     )       CLERK OF THE MARION CIRCUIT COURT
MARI BRYAN MCGENEY, and           )
CORTNEY DEMETRIS, M.D.            )
                                  )
          Defendants.             )

## APPEARANCE FORM

1.   The undersigned attorney and all attorneys listed on this form now appear in
     this case for the following party member(s):

     Stacey VanWinkle, Derek VanWinkle, MV and AV, minor children

2.   Applicable attorney information for service as required by Trial Rule 5(B)(2)
     and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

     Name:          Ronald J. Waicukauski
     Attorney No.:  1089-53
     Name:          James A. Piatt
     Attorney No.:  28320-49
     Firm:          PRICE WAICUKAUSKI & RILEY, LLC
     Address:       The Hammond Block Building
                    301 Massachusetts Avenue
                    Indianapolis, IN  46204
     Telephone:     (317) 633-8787
     Facsimile:     (317) 633-8797
     Email:         rwaicukauski@price-law.com
     Email:         jpiatt@price-law.com

3.   There are other party members: No

4.  If first initiating party filing this case, the clerk is requested to assign this case the following Case Type under administrative rule 8(b)(3): *PL*

5.  I will accept service by FAX: No

6.  This case involves support issues: No

7.  There are related cases: Yes

8.  This form has been served on all other parties. Certificate of Service is attached: Yes

9.  Additional information required by state or local rule: None

                            Respectfully submitted,

                    PRICE WAICUKAUSKI & RILEY, LLC


                    Ronald J. Waicukauski (#1089-53)
                    James A. Piatt (#28320-49)
                    The Hammond Block Building
                    301 Massachusetts Avenue
                    Indianapolis, IN 46204
                    Phone: 317-633-8787
                    Fax:  317-633-8797
                    Email: rwaicukauski@price-law.com
                    Email: jpiatt@price-law.com

STATE OF INDIANA    )      IN THE MARION SUPERIOR COURT
                    ) SS:
COUNTY OF MARION    )      CAUSE NO. ~~49D12~~ 15 06 PL 0 1 8 8 5 1

STACEY VANWINKLE and    )
DEREK VANWINKLE, individually    )
and on behalf of MV and AV,    )
their minor children,    )
                      )
        Plaintiffs,    )
                      )
    v.               )
                      )
SEANNA NICHOLS,    )
MONIQUE MILLER,    )
PEGGY SURBEY,    )
MARI BRYAN MCGENEY, and    )
CORTNEY DEMETRIS, M.D.    )
                      )
        Defendants.    )

FILED

(182)  JUN 08 2015

*Myla a. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT

1.    This action is brought under 42 U.S.C. § 1983 and includes Indiana state law claims for medical negligence against Defendant Cortney Demetris, M.D. only.

2.    First, Stacey VanWinkle and Derek VanWinkle, individually and on behalf of their minor children, MV and AV seek redress for the violation of their civil rights under federal law and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Second, Stacey VanWinkle and Derek VanWinkle, individually and on behalf of their minor children, MV and AV, seek redress for their claims of medical negligence against Defendant Cortney Demetris, M.D. only.

## The Plaintiffs

4.      Stacey VanWinkle ("Stacey") and Derek VanWinkle ("Derek") are married and reside at 7618 Moultrie Court, Indianapolis, Indiana (the "VanWinkle home"). Stacey is a registered nurse and Derek is a stay-at-home dad.

5.      MV (born June 21, 1999) is Stacey and Derek's soon to be 16 year-old daughter who lives with her parents at the VanWinkle home.

6.      AV (born May 11, 2001) is Stacey and Derek's 14 year-old daughter who lives with her parents at the VanWinkle home. AV has been diagnosed with multiple medical conditions, including autism and mitochondrial disorders. As a result of the mitochondrial disorders, AV suffers from a variety of symptoms, including muscle weakness and pain, severe nausea, and seizures. As a result of her medical conditions, AV has difficulty engaging in most forms of exercise, has difficulty sleeping and swallowing, and has been prescribed a wide variety of prescriptions and remedies, including a gastronomy tube. Routine doctor's visits, daily medication, a home healthcare nurse, and occasional medical procedures have become an unfortunate necessity throughout AV's life.

7.      Stacey, Derek, AV and MV are referred to collectively as the "VanWinkle family."

## The Defendants

8.      At all times relevant to this Complaint, Seanna Nichols ("Nichols") was an investigator and caseworker for the Indiana Department of Child Services,

2

Marion County Office ("DCS").  Pursuant to 42 U.S.C. § 1983, Nichols was acting

under the color of state law by virtue of her position at DCS.

9.      At all times relevant to this Complaint, Monique Miller ("Miller") was

Nichols' supervisor at DCS.  Pursuant to 42 U.S.C. § 1983, Miller was acting under

the color of state law by virtue of her position at DCS.

10.     At all times relevant to this Complaint, Peggy Surbey ("Surbey") was a

director at DCS.  Pursuant to 42 U.S.C. § 1983, Surbey was acting under the color of

state law by virtue of her position at DCS.

11.     At all times relevant to this Complaint, Mari Bryan McGeney

(McGeney) was an assistant deputy director at DCS.  Pursuant to 42 U.S.C. § 1983,

McGeney was acting under the color of state law by virtue of her position at DCS.

12.     At all times relevant to this Complaint, Cortney Demetris, M.D. ("Dr.

Demetris") was an employee of Peyton Manning Children's Hospital at St. Vincent.

Pursuant to 42 U.S.C. § 1983, Dr. Demetris was acting under the color of state law

by virtue of the following:

- Dr. Demetris worked in joint participation with Defendants
  Nichols, Miller, Surbey, and McGeney;

- Dr. Demetris held a statutorily (Ind. Code § 31-25-2-20.4)
  prescribed position on the citizen review panel established by DCS,
  along with Defendants Miller and Surbey;

- Dr. Demetris initiated the involvement of DCS in the VanWinkle
  family's case through her connections established as a member of
  the citizens review panel;

- Dr. Demetris acted in concert with Defendants Nichols, Miller,
  Surbey, and McGeney to covertly video AV and MV and to host

3

meetings regarding DCS's plan of action regarding the VanWinkle family; and

- Because of her consulting relationship with DCS, Dr. Demetris attended administrative and legal hearings involving Stacey and Derek although those hearings are closed to the public.

13.     Collectively the Defendants are referred to as the "DCS Team"

### Facts

**A.     Procedural Background**

14.     On or about June 12, 2013, DCS received a report from Dr. Demetris alleging the mistreatment of children AV and MV by their mother Stacey.[1]

15.     DCS family case manager Nichols led an assessment of the report that involved the entire DCS Team and recommended the substantiation of an allegation of child neglect based on suspicions of medical child abuse.

16.     On June 17, 2013, Nichols and Miller, on behalf of DCS, removed AV and MV from the VanWinkle home without first obtaining a court order.

17.     AV and MV were ordered returned to the physical custody of their parents on July 10, 2013.

18.     Because Stacey worked in the child care field, on August 12, 2013, DCS conducted a Child Care Worker Assessment Review ("CCWAR") regarding the allegations against her.

19.     DCS director Surbey conducted the CCWAR and substantiated DCS's allegations of neglect by Stacey against AV and MV on August 19, 2013.

---

[1] Derek was later added to the report and became a part of the initial investigation and ultimately the child in need of services ("CHINS") proceeding.

4

20.     The allegation of neglect against Derek was substantiated by DCS on August 16, 2013.

21.     On September 4, 2013, Stacey and Derek timely sought administrative review of DCS's substantiations.  Their appeal was stayed pending resolution of the CHINS case.

22.     DCS voluntarily dismissed the CHINS case on October 8, 2013, and reactivated the administrative appeal of the neglect substantiation on October 21, 2013.

23.     A second CCWAR was held on November 21, 2013, by the Hamilton County DCS local office.[2]

24.     On December 2, 2013, the neglect determination was re-substantiated against Stacey with respect to both MV and AV.

25.     Stacey and Derek timely sought administrative review of these substantiations on or about December 5, 2013.

26.     Common testimony was heard in both Derek's and Stacey's cases at an administrative appeal hearing from January 7 through January 17, 2014 before Administrative Law Judge Carrie T. Ingram (the "ALJ").

---

[2] This second CCWAR was conducted due to a defect in the initial CCWAR.  The Indiana Administrative Code requires that the DCS employee conducting the CCWAR have no prior involvement in the investigation.  465 I.A.C. §3-2-2(j)(2).  Because emails from June 2013 established that Surbey was aware of and involved in the investigation of the Stacey and Derek, the administrative law judge essentially "remanded" the case back to the local office for a second CCWAR.

27.     On January 31, 2013, the ALJ held that the allegation of neglect by Stacey with respect to MV was unsubstantiated, but substantiated the allegation of neglect with respect to AV.

28.     On February 7, 2013, the ALJ issued a nearly identical decision with respect to Derek, substantiating the allegation of neglect with respect to AV but unsubstantiating the allegations as to MV.

29.     On March 4, Stacey and Derek timely petitioned for judicial review of these decisions (collectively the "ALJ Orders") as to neglect against AV, and those petitions were consolidated in Marion County Superior Court (Div. 3).

30.     After oral argument on December 2, 2014, Judge McCarty reversed the ALJ Orders substantiating neglect against Stacey and Derek; held that the ALJ Orders constituted an abuse of the ALJ's discretion; and ordered DCS to provide notice to any entities to which DCS previously gave notice of the substantiation of neglect as to Stacey and Derek, that the determination of child neglect as to both Stacey and Derek has been unsubstantiated.

B.     **Factual Background**

i.     **AV's medical conditions**

31.     Shortly after birth, AV exhibited hypotonia (*i.e.*, floppy baby syndrome) and had difficulty keeping down food and baby formula.

32.     AV's vomiting issues required the intervention of gastroenterology ("GI") doctors, and AV was eventually referred to GI specialist Dr. Susan Maisel at St. Vincent's Hospital, who treated AV for over ten years.

33.   As AV grew older, her vomiting often interfered with her attendance at school, requiring her to regularly visit the nurse's office and miss classes.

34.   AV's excessive vomiting and nausea have been witnessed by those with regular interaction with her, including her parents, sister, grandparents, teachers, school employees, and home healthcare nurses.

35.   In addition to her symptoms of nausea and vomiting, AV has also struggled with myopathy throughout her life. Myopathy, or muscular weakness, causes AV to have difficulty with certain daily tasks and often leaves her with fatigue and low levels of energy.

36.   Dr. Bryan Hainline, a metabolic genetics specialist at Riley Hospital, has diagnosed AV with a "neuromuscular disease" with similar symptoms to that of a mitochondrial disorder.

37.   Dr. Hainline testified that due to the difficulty in diagnosing a mitochondrial disease, it cannot be definitively ruled out as a diagnosis, and he regularly described AV as "possible mito" in his charts.

38.   Although Dr. Hainline has been unable to diagnose the precise cause of AV's myopathy due to the extraordinary difficulty in diagnosing mitochondrial disorders, he has diagnosed her with a neuromuscular disorder that affects a variety of her muscular systems.

39.   Because her symptoms are similar to those of a patient with a mitochondrial disorder, Dr. Hainline does not object to Stacey and Derek's

7

description of AV's condition as a mitochondrial disorder when discussing her diagnosis with other medical professionals.

40.    Individuals who interact with AV have witnessed her weakness and fatigue on a regular basis.

41.    Due to her health issues, AV has required a great deal of medical intervention, including invasive procedures and numerous medications.  AV's list of procedures includes a tethered cord release and peritoneal lumbar shunt to relieve intercranial pressure; a gastrostomy tube; and surgical removal of her tonsils and adenoid.

42.    In fact, with the approval of her doctors, AV visited Disney World as a guest of the Make-A-Wish Foundation.

43.    AV's prescribed medications and procedures have all been approved by her healthcare providers and DCS has made no allegation that AV has undergone surgery or been administered a prescription medication or treatment without a doctor's approval.

ii.    **DCS's Involvement with the VanWinkles**

44.    In May 2013, Dr. Maisel contacted Dr. Demetris from the Peyton Manning Children's Hospital at St. Vincent's ("St. Vincent's") with concerns that AV's GI symptoms were being exaggerated by Stacey.

45.    AV was admitted to St. Vincent's from June 10 through June 12, 2013, for observation of AV's GI symptoms.

46.     During AV's stay at St. Vincent's, Dr. Demetris placed her under covert surveillance and concluded that AV's observed symptoms were not consistent with the GI complaints and symptoms reported by Stacey.

47.     Dr. Demetris reported her observations to DCS regarding Stacey and AV on June 12, 2013.  Derek was not a subject of the report from Dr. Demetris.

48.     Nichols was charged with investigating the situation and added Derek to the investigation even though Dr. Demetris had no concerns regarding Derek.

49.     Miller reviewed Nichols's investigation; Surbey substantiated the claims against Stacey; and McGeney substantiated the claims against Derek.

50.     Without obtaining a court order, Nichols and Miller removed AV and MV from their parents' home on June 17, 2013.  When Nichols and Miller arrived at the VanWinkle home with three (3) police officers, they refused to tell the VanWinkles why they were taking AV and MV.

51.     Upon removing MV from the VanWinkle home, DCS placed MV with a foster family until a court hearing on June 19, 2013.  Although they were available, DCS did not allow MV to be placed with Stacey's parents.

52.     Upon removing AV from the VanWinkle home, DCS took AV to St. Vincent's Hospital where she stayed until June 24, 2013.  While she was at St. Vincent's, DCS observed AV and continually asked her to talk about her parents.

53.     Prior to removing AV and MV from the VanWinkle home, Stacey and Derek were never confronted with the concerns of over-reporting allegedly held by some, but not all, of AV's doctors.

54.    Prior to removing AV and MV from the VanWinkle home, DCS had no information regarding the symptoms, behavior, and complaints exhibited by AV in her day-to-day life.

55.    AV had two home healthcare nurses in the years leading up to DCS intervention: Amanda Graham and Tonya Mitchell. At no time did the DCS Team interview AV's home healthcare nurses and the DCS Team never requested documentation from Loving Care Nursing, the company that provided AV's home healthcare services.

56.    At no time did the DCS Team interview any of the teachers, nurses, or administrators from AV's school who saw her practically every day. Dr. Demetris later testified that information from such individuals would have been relevant to her diagnosis of medical child abuse.

57.    At an administrative hearing, home healthcare nurse Amanda Graham testified that she saw AV vomit on multiple occasions, including one instance where she vomited six to seven times.

58.    Graham further testified that AV was typically tired and weak during her visits.

59.    Graham's testimony is consistent with the testimony of numerous other individuals with daily interaction with AV, including Stacey and Derek, grandmother Deborah Groce, AV's sister MV, and AV's longtime teacher Kathy Smyzer.

60.    Perry Township school nursing records show that AV was often nauseated and/or weak at school.

61.    Multiple doctors testified they had no concerns regarding Stacey and Derek and did not believe AV's symptoms were being over-reported.

62.    Before getting Nichols and the DCS Team involved in the investigation, Dr. Demetris did not review the medical records from AV's treating physicians, interview Stacey or Derek, or speak with anyone who had the opportunity to observe AV outside of a clinical setting.

63.    Nichols's DCS investigation report, reviewed by Miller, ignores the testimony and evidence provided by doctors and nurses and misrepresents nurses' observations of AV while she was in DCS custody.

64.    Surbey and McGeney were charged with reviewing the investigation and findings of Nichols and Miller, but failed to do so.  In addition, they failed to unsubstantiate the charges against Stacey and Derek despite the evidence described above.

65.    Stacey and Derek sought medical care for AV in accordance with the recommendations and approval of her doctors.  If Stacey or Derek had been advised by AV's medical providers that "less medical intervention" was the "necessary medical care" for AV, they would have done as advised.  Even a cursory investigation by the DCS Team would have revealed this information.

### iii.   The aftermath of DCS's involvement

66.     On July 10, 2013, the juvenile court ordered AV and MV returned to the VanWinkle home.

67.     On October 8, 2013, DCS voluntarily dismissed the CHINS case.

68.     In the aftermath of DCS's "intervention," the VanWinkle family has faced extraordinary financial hardship.

69.     Before DCS's substantiation of child neglect, Stacey worked as a neonatal intensive care nurse at Community North Hospital ("Community") where she received high marks and accolades for her nursing skills.

70.     Upon being notified of the substantiation of neglect, Community was forced to suspend and eventually terminate Stacey.

71.     Stacey was the sole source of income for the VanWinkle family so her termination, combined with overwhelming legal and medical bills, caused Stacey and Derek to file for bankruptcy.

72.     Stacey, Derek, AV and MV were all traumatized by the "intervention" of DCS – their family was broken into pieces and they are still trying to put all the pieces back together again.

### Count 1: Violations of 42 U.S.C § 1983 by the DCS Team

73.     Plaintiffs specifically incorporate the allegations in the preceding numbered paragraphs.

74.     The DCS Team violated the family's civil rights individually and through their participation in a conspiracy to achieve this end, with all actions

12

taken under color of state law.  In accusing Stacey and Derek and detaining AV and MV, each defendant acted without rational basis and recklessly and/or knowingly violated clearly established laws and legal standards, including the Fourth Amendment right to freedom from unreasonable search and seizure and the Fourteenth Amendment right to substantive and procedural due process.

75.     The DCS Team further violated provisions of the federal statutes that are unambiguous, intended to protect families and children, and mandatory, as well as the state laws and manuals that implement the federal requirements and provide a presumptively constitutional plan that balances the need to protect abused or neglected children against the constitutional rights of families.  The applicable federal statutes and regulations include 42 U.S.C. § 5106(a) (appeal); 42 U.S.C. § 671(a)(15)(D) (circumstances excusing states from making reasonable efforts to avoid removal or foster reunification); 42 U.S.C. § 675(1)(A) (case plans); U.S.C. § 675(5) (case review and proximate placement); and 45 C.F.R. § 1356.21 (case plans).  These requirements are implemented in the Indiana CHINS statute (IC 31-34-1-1 et seq.) and the Department of Child Services Welfare Manual.  While not every violation of these statutes and regulations constitutes a civil rights violation, these statutes and regulations give defendants ample notice on the likely legality of their actions.  In this case, the defendants ignored and rejected virtually *all* aspects of the regulatory scheme, resulting in illegal detention, harassment, retaliation, and a private right of action under 42 U.S.C. § 1983.

76.     The DCS Team conspired to seize AV and MV in violation of the Fourth Amendment. The DCS Team acted unreasonably in seizing AV and MV without probable cause or a court order. The DCS Team also had less intrusive means of interference (other than seizure) available to them, but chose to seize AV and MV even though their physical or mental condition would not be seriously impaired or endangered if they were not immediately taken into custody.

77.     The DCS Team violated the VanWinkle family's substantive due process rights. Although there was no imminent "unnecessary" medical treatment for AV, the DCS defendants unnecessarily intruded upon the VanWinkle family's right to familial relations.

78.     The DCS Team violated the VanWinkle family's procedural due process rights. It was unreasonable to remove AV and MV from their home because neither was in immediate physical danger, and there was no pre-removal hearing or court order.

79.     For each violation of 42 U.S.C. § 1983, Plaintiffs Stacey VanWinkle and Derek VanWinkle individually, and on behalf of their minor children MV and AV, seek to recover the following:

> a.  Compensatory damages in an amount to be determined by a jury;
>
> b.  Punitive damages in an amount to be determined by a jury;
>
> c.  Reasonable attorney and expert fees pursuant to 42 U.S.C. § 1988; and
>
> d.  Any further relief that may be appropriate.

14

## Count 2: Medical Negligence by Dr. Demetris

80.     Plaintiffs specifically incorporate the allegations in the preceding numbered paragraphs.

81.     On or about June 10, 2013, AV was admitted to St. Vincent's and was evaluated for medical child abuse by Dr. Demetris.

82.     Based solely upon her observations of AV in a clinical setting and the review of some medical records, Dr. Demetris diagnosed AV as a victim of medical child abuse, identifying AV's mother, Stacey, as the perpetrator.

83.     Without a medical records review or clinical observation, at some point after June 10, 2013, Dr. Demetris also diagnosed MV as a victim of medical child abuse. Again identifying Stacey as the perpetrator.

84.     Dr. Demetris's diagnoses of AV and MV as victims of medical child abuse (and identifying Stacey as the perpetrator) fell below the standard of care of a reasonable physician.

85.     With regard to AV, specifically, Dr. Demetris failed to do at least the following:

> i.   Review the medical records of non-St. Vincent treating physicians;
>
> ii.  Interview non-St. Vincent's treating physicians, home health care professionals who administered care to AV, and school officials who observed AV;
>
> iii. Perform a differential diagnosis; and
>
> iv.  Interview Stacey and Derek about AV's treatment and the concerns about the exaggeration of symptoms resulting in over treatment.

b.     With regard to MV, specifically, Dr. Demetris failed to do at least

the following:

    i.   Observe MV in a clinical setting;

    ii.  Review MV's medical records;

    iii. Interview MV about her treatment;

    iv.  Interview MV's treating physicians about her treatment;

    v.   Identify the symptoms that were exaggerated for MV;

    vi.  Identify the treatment of MV that was medically unnecessary;

    vii. Perform a differential diagnosis; and

    viii. Interview Stacey and Derek about MV's treatment and the concerns about the exaggeration of symptoms resulting in over treatment.

c.     As a direct and proximate result of Dr. Demetris's conduct, MV and

AV were removed from their home, suffered from a lapse in medically necessary

treatment, and suffered emotional damage.

d.     As a direct and proximate result of Dr. Demetris's conduct, Stacey

and Derek were labeled as the perpetrators of medical child abuse, suffered from

the removal of their children from their home, and suffered emotional distress.  In

addition, as a direct and proximate result of Dr. Demetris's conduct, Stacey lost her

job, which was the sole source of income for the family.

16

WHEREFORE, the Plaintiffs pray for damages in an amount of money which will fairly and adequately compensate them for all losses, injuries and damages, for the costs of this action, reasonable attorney's fees, and for all other relief just and proper under the circumstances.

Respectfully submitted,

PRICE WAICUKAUSKI & RILEY, LLC

Ronald J. Waicukauski, Atty. No. 1089-53
James A. Piatt, Atty. No. 28320-49
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797
rwaicukauski@price-law.com
jpiatt@price-law.com

17