UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACEY VANWINKLE and DEREK VANWINKLE, individually and on behalf of MV and AV, their minor children,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SEANNA NICHOLS, MONIQUE MILLER, PEGGY SURBEY, MARI BRYAN MCGENEY, and CORTNEY DEMETRIS, M.D.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:15-cv-1082 JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CORTNEY DEMETRIS, M.D.'S MOTION TO STRIKE EXHIBITS ATTACHED TO PLAINTIFFS' RESPONSE TO DEFENDANT CORTNEY DEMETRIS, M.D.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Cortney Demetris, M.D. ("Dr. Demetris" or "Defendant"), through her undersigned counsel, respectfully moves the Court to strike exhibits attached to Plaintiffs' Response to Defendant Cortney Demetris, M.D.'s Motion to Dismiss Plaintiffs' Amended Complaint. In support, Dr. Demetris states as follows.

1.  On October 21, 2015, Defendant filed her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(6) and Fed. R. Civ. P. 12(B)(1). [Dkt. 43]. Defendant did not attach any exhibits to her Motion to Dismiss.

2.  On November 9, 2015, Plaintiffs filed their Response to Defendant's Motion to Dismiss. [Dkt. 48]. Plaintiffs' Response included four (4) exhibits; Exhibit 1 is labeled "Findings of Fact and Conclusions of Law"; Exhibit 2 is purported to be an excerpt from AV's medical records; Exhibit 3 is Indiana State Form 113 discussing DCS' investigation of the

{01051961- }

Plaintiffs' underlying child abuse charges; and Exhibit 4 is an excerpt from Dr. Demetris' deposition taken during the administrative proceedings involving Plaintiffs' child abuse charges.

3. Normally, parties are not allowed to tender evidence in support of or in opposition to a motion to dismiss premised on Fed. R. Civ. P. 12(B)(6) without conversion of the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(D). However, a non-moving party may not unilaterally convert a motion to dismiss into a motion for summary judgment by attaching exhibits to their response brief. Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc., 2008 WL 5111260, *3 (S.D. Fla. 2008). Plaintiffs' basis for tendering evidence in opposition to Defendant's Motion to Dismiss appears to be based on an argument that Defendant's Motion to Dismiss was premised on upon Fed. R. Civ. P. 12(B)(1) and Fed. R. Civ. P. 12(B)(6).[1]

4. However, since the gravamen of Defendants' Motion to Dismiss is Fed. R. Civ. P. 12(B)(6), designation of evidence outside the boundaries of Plaintiffs' Amended Complaint is inappropriate. If Plaintiffs contend their Amended Complaint is sufficiently pled, reference to outside evidence is unnecessary. Moreover, even if outside evidence were allowed by the Court, it should be limited to deciding the issue of subject matter jurisdiction and not whether Plaintiffs have failed to state a claim. Luna-Reyes v. RFI Const., LLC, 57 F.Supp.3d 495, 501 (M.D. N.C. 2014).

5. Furthermore, the exhibits tendered are improper evidence. Exhibit 1 includes the Findings of Fact from a state court action between Plaintiffs and DCS. Dr. Demetris was not a party to that litigation and the Findings of Fact are not applicable, admissible, or binding with respect to her conduct as alleged in Plaintiffs' Amended Complaint. Furthermore, the Findings of Fact regarding DCS have no relevance to the question of whether Plaintiffs "have really

---

[1] [Dkt. 48, p.3, FN#1].

advanced a state law negligence or medical malpractice claim masquerading as a constitutional violation." Mohil v. Glick, 842 F.Supp.2d 1072, 1078 (N.D. Ill. 2012).

6. Also, Exhibit 2 purports to be an excerpt from AV's medical records. The excerpt is not authenticated and not certified. Typically, uncertified and unsworn evidence is not considered competent evidence for purposes of a motion to dismiss. United Phosphorus, Ltd. v. Angus Chemical Co., 1996 WL 14036, *1 (N.D. Ill. 1996); See also, Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2nd Cir. 1986).

7. Exhibit 3 purports to be a copy of Indiana State Form 113 discussing DCS' investigation of the Plaintiffs' underlying child abuse charges. The report is unsworn; not authenticated; and not certified. Also, the report contains multiple layers of hearsay. The document does not meet the threshold standard for competent evidence. Exhibit 3 should be struck as inadmissible.

8. Finally, Exhibit 4 is selected excerpts from Dr. Demetris' deposition taken during the administrative proceedings related to the child abuse proceedings between Plaintiffs and DCS. Fed. R. Civ. P. 32(A)(8) specifies under what conditions a deposition "taken in an earlier action" is admissible in an later action. The deposition transcript may only be used if a "later action involving the same subject matter between the same parties." The deposition transcript fails both of these tests (e.g. the *same subject matter test* and the *same parties test*). The underlying administrative action was a state court matter involving quasi-criminal allegations of child neglect. The cause of action did not involve 42 U.S.C. § 1983. Also, Dr. Demetris was not a party to the administrative proceedings. She was a fact witness who was deposed without the presence of her legal counsel. As such, Exhibit 4 should be struck as improper evidence. Powertrain, Inc. v. Ma, 88 F.Supp.3d 679, 688 (N.D. Miss. 2015).

WHEREFORE, Defendant respectfully requests this Court strike Exhibits 1-4 attached to Plaintiffs' Response in Opposition to Defendant Cortney Demetris, M.D.'s Motion to Dismiss Plaintiffs' Amended Complaint.

        Respectfully submitted,

        RILEY BENNETT & EGLOFF, LLP

        <u>s/ Bryce H. Bennett, Jr.</u>
        Bryce H. Bennett, Jr.
        No. 2681-49
        Laura K. Binford
        No. 15280-49A
        Courtney David Mills
        No. 32693-55
        bbennett@rbelaw.com
        lbinford@rbelaw.com
        cmills@rbelaw.com
        Attorneys for Defendant,
        Cortney Demetris, M.D.

RILEY BENNETT & EGLOFF, LLP
Fourth Floor
141 East Washington Street
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2015, a copy of the foregoing *Defendant Cortney Demetris, M.D.'s Motion to Strike Exhibits Attached to Plaintiffs' Response to Defendant Cortney Demetris, M.D.'s Motion to Dismiss Plaintiffs' Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system, and was sent to the following counsel of record by way of the CM/ECF system and/or U.S. Mail:

Ronald J. Waicukauski
Carol N. Joven
Price Waicukauski Joven & Catlin, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN  46204
rwaicukauski@price-law.com
cnemeth@price-law.com

April A. Wilson
Benjamin M. Jones
Sara T. Martin
Deputy Attorney General
Office of the Attorney General
302 West Washington Street, 5th Floor
Indianapolis, IN  46204
April.Wilson@atg.in.gov
Benjamin.Jones@atg.in.gov
Sara.Martin@atg.in.gov

              s/ Bryce H. Bennett, Jr.
              Bryce H. Bennett, Jr.