UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STACEY VANWINKLE, *individually, and on be-* )
*half of MV and AV, minor children*, and DEREK )
VANWINKLE, *individually, and on behalf of MV* )
*and AV, minor children*, )
         )
                      )    No. 1:15-cv-01082-JMS-MJD
                 *Plaintiffs*, )
         )
                 *vs.* )
         )
SEANNA NICHOLS, MONIQUE MILLER, PEGGY )
SURBEY, and MARI BRYAN MCGENEY, )
         )
                 *Defendants*. )

## ORDER

Presently pending before the Court is Defendant Cortney Demetris, M.D.'s Motion for

Clarification or in the Alternative Motion for Entry of Final Partial Judgment.  [Filing No. 59.]

## I.
### BACKGROUND

This action relates to Defendant Cortney Demetris, M.D.'s involvement with the evaluation

of Plaintiffs' two minor children and their subsequent removal from Plaintiffs' care based on a

determination by the Indiana Department of Child Services ("DCS") that the minor children were

being neglected by Plaintiffs.  [*See* Filing No. 37 at 3-6.]  Plaintiffs asserted a claim for conspiracy

under 42 U.S.C. § 1983 against Dr. Demetris.  [Filing No. 37 at 12-15.]

Dr. Demetris filed a Motion to Dismiss, [Filing No. 43], and the Court granted the motion

on December 18, 2015, finding that "Dr. Demetris is shielded from liability for most of the actions

Plaintiffs allege form the basis of their § 1983 conspiracy claim based on the absolute privileges

of judicial immunity and witness immunity.  Additionally, the remaining actions Plaintiffs allege

- 1 -

Dr. Demetris undertook do not form a sufficient basis for a viable § 1983 conspiracy claim," [Filing No. 57 at 24].  The Court noted that "[n]o partial judgment shall issue at this time." [Filing No. 57 at 24.]

In the pending motion, Dr. Demetris requests that the Court clarify whether its December 18, 2015 Order granting her Motion to Dismiss "is a Final Decision pursuant to 28 U.S.C. § 1291" and, if it is not, she requests that the Court enter "Final Partial judgment pursuant to Fed. R. Civ. P. 54(B)." [Filing No. 59 at 1.]

## II.
### DISCUSSION

### A.  Request for Clarification

Dr. Demetris first requests that the Court clarify whether its Order granting her Motion to Dismiss was intended to be a final appealable order under 28 U.S.C. § 1291.  [Filing No. 59 at 2.] Dr. Demetris argues that "the Court's Order in this matter was multifaceted; and included granting Dr. Demetris absolute judicial immunity, but denying application of qualified immunity under Indiana's immunity statute for child abuse reporting….  Since the Court's Order is multifaceted, it could be argued the Court's Order is not a final appealable order under 28 U.S.C. § 1291." [Filing No. 59 at 2.]

Plaintiffs respond that the Court's Order was clear, because it stated that "[n]o partial judgment shall issue at this time." [Filing No. 63 at 1.]  Dr. Demetris did not address this issue in her reply.  [See Filing No. 66.]

The Court is puzzled by Dr. Demetris' request for clarification regarding whether the Order is a final appealable order.  As Plaintiffs point out – and Dr. Demetris acknowledges – the Order plainly states that "[n]o partial judgment shall issue at this time." [Filing No. 57 at 24.]  In other

words, the Order is not a final appealable judgment, because the Court did not enter a partial judg-ment as to the claims against Dr. Demetris.  No clarification regarding whether the Order is a final appealable judgment is needed – it is not.

### B.  Request for Entry of Partial Final Judgment

Dr. Demetris sets forth several arguments to support her request that the Court enter a final judgment as to the claims against her.  [Filing No. 59 at 3-10.]  She argues that entry of final judgment is appropriate because all of the claims against her were resolved with the Court's grant of her Motion to Dismiss.  [Filing No. 59 at 4.]  Further, she argues that the claims against her are separable from the remaining claims in the litigation because her "role in this matter…was dis-tinct from the alleged respective roles of the remaining Defendants," she was the only non-state actor defendant, she has a separate action pending against her before the Indiana Department of Insurance, and the claims against her were dismissed "largely based on the doctrine of judicial immunity – an issue that will likely not be applicable to the remaining DCS Defendants…." [Filing No. 59 at 4-5.]  Dr. Demetris points to a § 1983 case involving the same attorneys as those involved here, which took seven years to resolve, and argues that she "could potentially live with the uncer-tainty of this case being resurrected against her for the next 7 years," and "would also incur the cost of continuing to monitor this matter for an extended period of time."  [Filing No. 59 at 5-6.] Dr. Demetris also characterizes Plaintiffs' claims against her as "retaliatory," and argues that she is entitled to finality so she can "move on with [her life] without the stress of awaiting the conclu-sion of protracted litigation against the remaining Defendants."  [Filing No. 59 at 6.]  She contends that the doctrine of absolute immunity "is premised on the notion that certain individuals…are entitled to a quick and final decision regarding whether they are subject to liability," and that with-out a partial final judgment this purpose is diminished.  [Filing No. 59 at 6.]  Finally, Dr. Demetris

notes that she has filed a motion to dismiss in the state court action Plaintiffs have brought against her based on, among other grounds, absolute and qualified immunity.  [Filing No. 59 at 7.]  She has relied upon this Court's Order granting her Motion to Dismiss, and states that Plaintiffs represented to the state court judge that they intend to appeal the Court's Order to the Seventh Circuit Court of Appeals.  [Filing No. 59 at 7.]  Dr. Demetris argues that entering final judgment as to the claims against her would "avoid duplicative litigation on the same issue…and…avoid any attempt at an 'unseemly end run' around this Court's Order regarding application of judicial immunity doctrine as to Dr. Demetris."  [Filing No. 59 at 7-8.]

Plaintiffs respond by first arguing that the issues which formed the basis of Dr. Demetris' Motion to Dismiss are not separable, as the DCS Defendants also asserted an absolute immunity defense, the conspiracy allegations also involve the DCS Defendants, and Dr. Demetris' actions were "thoroughly intertwined with the actions of the DCS Defendants."  [Filing No. 63 at 2-3.]  Plaintiffs also argue that Dr. Demetris has not pointed to any undue hardship she would suffer absent a final judgment as to the claims against her, and that stress and delay "apply to every defendant in every case."  [Filing No. 63 at 4.]  Plaintiffs contend that every lawsuit is "retaliatory," and that the circumstances here do not make this case unusual.  [Filing No. 63 at 4.]  They assert that the interests of immunity have been served by the Court's Order because Dr. Demetris received a quick decision, and has been terminated from the lawsuit.  [Filing No. 63 at 4.]  Additionally, Plaintiffs argue that the Court can revise its Order at any time before the entry of final judgment, and go on to set forth procedural and substantive grounds that they believe warrant revision.  [Filing No. 63 at 5-6.]  Plaintiffs assert that they may uncover additional evidence which "will demonstrate more clearly to the satisfaction of the Court that Dr. Demetris violated the VanWinkles' civil rights, that under applicable law, her conduct is not protected by absolute immunity,

and that she did in fact conspire with the DCS Defendants." [Filing No. 63 at 6.] Finally, Plaintiffs argue that the claims against Dr. Demetris in this lawsuit and the state court lawsuit are not the same, so the doctrine of res judicata would not apply. [Filing No. 63 at 6-7.]

On reply, Dr. Demetris again argues that the claims against her are separable from the claims against the DCS Defendants, and that Plaintiffs' view of the separability test is too narrow. [Filing No. 66 at 1-6.] Dr. Demetris reiterates her arguments that this is a "retaliatory" lawsuit so she is entitled to final judgment, and that she will suffer unusual hardship absent entry of a final judgment. She asserts that Plaintiffs' criticisms of the Court's Order granting her Motion to Dismiss are irrelevant to the analysis of whether final judgment should be entered, but then goes on to address those criticisms. [Filing No. 66 at 10-13.] Dr. Demetris argues that the possibility that Plaintiffs could uncover more evidence to support their claims against her is not a valid reason for not entering final judgment. [Filing No. 66 at 16-17.]

As a policy matter, Congress has determined that appeals should generally wait until litigation in the trial court has completely finished with respect to all parties and all claims. *See* 28 U.S.C. § 1291. Some narrow exceptions to that rule exist, including Fed. R. Civ. P. 54(b). It provides in part: "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.* That provision forbids a district court from certifying any claim under "Rule 54(b)…when the subjects of the partial judgment…overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) (citation omitted). But because certification under Rule 54(b) is discretionary, not mandatory, merely establishing separateness of claims does not entitle a party who has

lost on those claims to an immediate appeal. *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004) (citations omitted); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("Even when claims are separate, an appeal ought not follow as of course"). The Court must consider "judicial administrative interests as well as the equities involved, and giv[e] due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quotations omitted).

The parties vigorously dispute whether the claims against Dr. Demetris are separate from the claims that remain against the DCS Defendants. While it is true that Dr. Demetris' role in the ultimate removal of MV and AV from Plaintiffs' care is distinct from the role of the DCS Defendants, the fact remains that Plaintiffs have asserted a § 1983 conspiracy claim against Dr. Demetris and allege that she conspired with those DCS Defendants. Consideration of the adequacy of the claims against Dr. Demetris and against the DCS Defendants involves overlapping allegations, including but not limited to allegations relating to Dr. Demetris' interactions with DCS. Such an overlap warrants denial of a request for entry of final judgment. *See Aguilera v. Fluor Enterprises Inc.*, 2012 WL 4361481, *4 (N.D. Ind. 2012) ("For all three claims, the appellate court would be unable to evaluate the Plaintiff's claims against Defendant…without considering the same evidence presented by the Plaintiff in support of his claims against [the other Defendant]"); *Ty, Inc. v. Publications Intern. Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002) (final judgment on a single claim under Rule 54(b) only appropriate when the claim involves a different set of facts from the other claims).

Even assuming the claims against Dr. Demetris and the DCS Defendants are separable, however, the Court would still, and does, exercise its discretion to deny certification. First, Dr. Demetris' request does not promote judicial administrative interests. The only judicial efficiency

arguments Dr. Demetris makes are that a final judgment would give the Court's Order a res judi-cata effect on the claims Plaintiffs assert against Dr. Demetris in state court, and that it would prevent the risk of inconsistent judgments by this Court and the state court.  But Dr. Demetris does not explain why entry of final judgment would improve her chances of using this Court's decision to support her motion to dismiss in the state court case.  And, in any event, Plaintiffs point out that the state court case involves medical malpractice claims, whereas the claims against Dr. Demetris in this action were for § 1983 conspiracy.  It is not at all clear that the immunity analysis this Court undertook would apply to a state medical malpractice claim – this Court did not consider such a claim.  Entry of final judgment here would not promote judicial administrative interests.  To the contrary, it would force Plaintiffs to – should they wish to do so – appeal this Court's Order now, and increase the risk of piecemeal appeals involving significantly overlapping facts.  This is the precise scenario Rule 54(b) seeks to avoid.

Second, the Court must consider the equities involved.  Dr. Demetris argues that having to wait until the litigation is resolved to see whether Plaintiffs will appeal the Court's decision would cause hardship because she is an individual rather than the typical corporate defendant, the case may take a long time to resolve, she would need to monitor the case, she would need to report the case if she applies for or renews her medical privileges and under other circumstances, and this was a retaliatory lawsuit.  [*See* Filing No. 59 at 5-6; Filing No. 66 at 7-9.]  In short, Dr. Demetris believes that she should be able to "move on with [her life] without the stress of awaiting the conclusion of protracted litigation against the remaining Defendants."  [Filing No. 59 at 6.]  Dr. Demetris' circumstances do not set her apart from other litigants.  Indeed, every litigant who pre-vails on a motion to dismiss or on summary judgment wants finality, and does not want to have to wait to see if the opposing party appeals.  But life is full of uncertainty, and the circumstances Dr.

Demetris points to are not unusual.  Reporting outstanding lawsuits is part of being a physician, and there is no indication that the reporting requirement would change if the Court were to enter final judgment.  Additionally, the Court agrees with Plaintiffs that every lawsuit could be categorized as "retaliatory."  In short, as other district courts have recognized, Dr. Demetris' desire to "move on with her life" is not a reason to enter final judgment.  *See, e.g.*, *Johnson v. Synovus Bank*, 2015 WL 4988579, *2 (W.D. Tenn. 2015) ("While the Court is sympathetic to [defendant's] desire for 'prompt closure' to avoid 'unnecessary expenditure of time and money' for future monitoring of the case, the historic federal policy against piecemeal appeals must outweigh any inconvenience to [defendant]"); *Simstad v. Scheub*, 2010 WL 4829868, *2 (N.D. Ind. 2010) ("The Court appreciates the desire of the NIPSCO Defendants to bring this case to an end, at least as far as they are concerned.  However, the norm in litigation is 'one appeal per case.'…  The facts alleged by the Plaintiffs as to the Lake County Defendants and the NIPSCO Defendants overlap, and the Court of Appeals would have to go over much of the same ground if it were to review a partial judgment involving claims against the NIPSCO Defendants now and a final judgment terminating the entire case against the Lake County Defendants later.  This is readily apparent from a quick review of five of the counts in Plaintiffs' First Amended Complaint, [which includes a claim for § 1983 conspiracy]"); *Chavez v. Hatterman*, 2009 WL 1187157, *2 (D. Colo. 2009) (rejecting defendant's argument that partial final judgment should be entered because the lawsuit had been "hanging over his head" and because he "seeks closure on this litigation including so that it will not have any potential impact on his future employment," and instead emphasizing "the policy of Rule 54(b)[, which] seeks to prevent the multiple, piecemeal appeals for Plaintiff, over providing closure to [defendant]").

The Court again emphasizes that the norm in litigation is "one appeal per case," *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990), which "prevents duplicative and time-consuming appeals," *Horn*, 898 F.2d at 592.  Rule 54(b) certification is only designed "to permit piecemeal appeals in the infrequent harsh case." *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 956 n.7 (7th Cir. 1980) (quotation omitted).  While the Court is sympathetic to Dr. Demetris' plight, she has failed to identify any special or unusual circumstances that warrant entry of a partial final judgment.

### III.
#### CONCLUSION

Because neither judicial administrative considerations nor equitable considerations favors a piecemeal appeal, and because there are several just reasons for delay, the Court **DENIES** Dr. Demetris' Motion for Clarification or in the Alternative Motion for Entry of Final Partial Judgment, [Filing No. 59].

March 3, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**